**Alexander KLEIN, Plaintiff,**

v.

**Martin PINCUS, d/b/a Four Ace Service, Defendant.**

**No. 74 C 188.**

United States District Court,
E. D. New York.

July 24, 1975.

Marcus, Maltinsky & Katz, P. C., Mineola, N. Y., for plaintiff.

Adolph H. Siegel, Lindenhurst, N. Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff sues under the Motor Vehicle Information and Cost Savings Act (15 U.S.C. § 1981 et seq.) for three times the amount of actual damages sustained (or $1,500.00 whichever is the greater) plus reasonable attorneys fees on the ground that defendant reset or altered the odometer of a motor vehicle purchased by the plaintiff from the defendant and/or failed to disclose the cumulative mileage listed on the odometer or that the actual mileage was unknown.

The statute provides in pertinent part as follows:

"The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining the safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

\* \* \* \* \* \*

"It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

\* \* \* \* \* \*

"(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connec-

848

tion with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

"(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

"(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises."

\*      \*      \*      \*      \*      \*

The pertinent portions of the Rules promulgated by the Secretary provide as follows (49 CFR Sec. 580.4 and 580.6):

"(a) Before executing any transfer of ownership document, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:

(1) The odometer reading at the time of transfer; and, unless provided elsewhere on a transfer document integal (sic CFR) with the odometer disclosure;

(2) The date of the transfer;

(3) The transferor's name and current address; and

(4) The identity of the vehicle, including its make, model, and body type, its vehicle identification number, and its last plate number.

"(b) In addition to the information provided under paragraph (a) of this section, the statement shall refer to the Motor Vehicle Information and Cost Savings Act and shall state that incorrect information may result in civil liability under it.

"(c) In addition to the information provided under paragraph (a) of this section, if the transferor knows that the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the actual mileage is unknown.

"(d) If a document provided under the laws or regulations of the State in which the transfer occurs contains the statements required by paragraphs (a), (b), and (c) of this section, the transferor may make the disclosure required by this section either by executing the State document or by executing the disclosure form specified in § 580.6.

"(e) If there is no State document as described in paragraph (d) of this section, the transferor shall make the disclosure required by this section by executing the disclosure form specified in § 580.6.

\*      \*      \*      \*      \*      \*

"§ 580.6 Disclosure form.

## Odometer Mileage Statement

(Federal regulations require you to state the odometer mileage upon transfer of ownership. An inaccurate statement may make you liable for damages to your transferee, pursuant to section 409(a) of the Motor Vehicle Information and Cost Savings Act of 1972, Public Law 92-513.)

I, _____, state that the odometer mileage indicated on the vehicle described below is _____ miles.

(Check the following statement, if applicable:)

☐ I further state that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown.

| Make | Body Type | Year | Model |
|---|---|---|---|
| Vehicle Identification Number | | Last Plate Number | |

Transferor's address _____

Transferor's signature_____

Date of this statement _____ ".

---

No party having demanded a jury trial, the case was tried by the Court.

The plaintiff testified that he first met the defendant in April of 1973 when he went to defendant's place of business called the Four Ace Service Station at 37–18 Hempstead Turnpike in Levittown to purchase a used car for his son. At that time the defendant showed the plaintiff a 1968 Oldsmobile Toronado which he claimed had been his personal car and among the features which plaintiff claims defendant called to his attention was the low odometer reading of 39,999 miles.

Prior to purchasing the car, plaintiff with defendant's permission took the same to his own mechanic who gave him a list of things to be repaired prior to purchase. Plaintiff gave this list to defendant and most, if not all, of the requested repairs were effected. Apparently no question was raised by the mechanic with respect to the mileage on the vehicle or the odometer.

Accordingly, on June 4, 1973 plaintiff purchased the vehicle from the defendant for $1,500., registered the same in his name and turned it over to his son to use.

Defendant did not execute and deliver the above described disclosure form or make the disclosures required by the statute and rules.

Plaintiff produced evidence to show that on March 27, 1972, when the vehicle was owned by Island Air Conditioners, it had been inspected by Charlies Service Station, 71 Larkfield Road, East Northport, New York, and at that time the odometer had recorded a mileage of 75,060 miles.

On October 17, 1972, Island Air Conditioners sold the vehicle to Mr. George Carbone who had the same inspected on October 30, 1972 at Cold Spring Harbor Shell, 27 Harbor Road, Cold Spring Harbor, New York, at which time the odometer showed a mileage of 88,822 miles.

Mr. Carbone testified that he did not alter the odometer and he believed the odometer was in good working order while he owned the car.

In January of 1973 Mr. Carbone gave the vehicle to a Mr. Neil Burgess to sell at the Raceway Auto Auctions, Inc., Roosevelt Raceway, Westbury, New York. Mr. Burgess testified that he was present on January 18, 1973, when the vehicle was sold at an auction conducted by said corporation and it was his recollection that the odometer read in the 80,000 mile range at that time. He testified further that he had no recollection of the odometer not working at that time and that the vehicle was sold for $860. This was confirmed by an invoice of the Raceway Auto Auctions, Inc. to defendant's Four Ace Station showing a purchase price of $860 plus a title registration fee of $10, or a total of $870 (Exhibit A).

The plaintiff's proof further showed that the defendant had the vehicle inspected on April 17, 1973 at which time the odometer read 39,535.

On the issue of wilfulness and intent, plaintiff produced a certified copy of a judgment of conviction of the defendant on June 4, 1974 in the County Court, Nassau County, of the crime of violation of Section 392–e(2) of the General Business Law of the State of New York, McKinney's Consol.Laws, c. 20 (Using False Statements or Altering Mileage Registering Devices) and offered the same, and it was received, as evidence of a prior similar act, together with a certified copy of the transcript of the minutes reflecting defendant's plea of guilty to such charge.

Finally, plaintiff called a Mr. Victor Rugg, a former business partner of the defendant during the period from April 1973 to May 19, 1973, who testified that he attended an auction with his brother-in-law, Mr. Robert Gardner, at Raceway Auto Auctions, Inc. and observed the defendant buying late model year automobiles with odometers reading in the 70,000–90,000 mile range and thereafter observed the same automobiles on the defendant's lot with the odometers changed to the 30,000–40,000 mile range. He further testified that he actually observed an employee of the defendant turning back one of the odometers. Mr. Rugg's suspicions had been previously aroused by the fact that one or more of the automobiles which had been furnished to him by the defendant had developed immediate problems which caused additional work for Mr. Gardner and himself.

On May 19, 1973 Mr. Rugg and Mr. Gardner confronted the defendant at his place of business with their observations with respect to the alteration of odometers in various automobiles and advised him that they could not do business this way. According to Messrs. Rugg and Gardner, the defendant said that this was the way that he did business and if they didn't like it they could get out, which they did. As indicated, Mr. Gardner confirmed Mr. Rugg's testimony.

The defendant took the stand and denied altering any odometers on any automobiles except in the one instance in

which he plead guilty in the County Court of Nassau County as indicated above. He was at a loss to explain, however, how the odometer on the motor vehicle which he sold to plaintiff had gone from 88,822 miles on October 30, 1972 to 39,535 miles on April 17, 1973. He suggested first that the odometer had gone past the 100,000 mileage figure and second that the odometer possibly may not have been working properly and therefore it had accumulated excess mileage.

Notwithstanding his claim that the odometer must have gone by the 100,000 mile mark, the defendant did not disclose such fact to the plaintiff at the time of the sale of the automobile and hence did not comply with 15 U.S.C. § 1988(a)(1) or (2) of the above quoted provisions of the statute and rules promulgated thereunder.

■ Given these facts, the Court finds it difficult to credit the testimony of the defendant. Moreover, it seems clear that defendant failed to comply with the statute insofar as the aforeindicated disclosure provisions are concerned. In addition, plaintiff's proof of defendant's intent to defraud was substantial and convincing. Accordingly, the Court finds that the defendant violated the statute in this case in the respects claimed by the plaintiff and he is liable to the plaintiff therefor. See *Delay v. Hearn Ford*, 373 F.Supp. 791 (D.S.C.1974).

In the *Delay* case, the Court made the following pertinent observations (373 F.Supp. at pp. 795 and 796):

"Defendant also appears to have violated 15 U.S.C.A. § 1988 by its failure to disclose to plaintiff that the odometer reading was known by defendant to be different from the number of miles that the vehicle had actually traveled. The failure to disclose to the purchaser may be evidence of an intent to defraud, absent a showing by defendant that the change was unintentional or was made with an intent other than an intent to defraud. Such a requirement might be satisfied by a showing that the change was accidental, malicious mischief, mistake by a third party, etc.

"Defendant's claim of ignorance as to the cause of the change is not satisfactory to avoid the finding of an intent to defraud. During the term of defendant's dominion over the car, defendant was the only party which had anything to gain by rolling back the odometer. The only other party to have possession, Shillinglaw's Clean-Up Shop, as defendant's third party independent contractor, had nothing to gain by changing the mileage reading.

\*     \*     \*     \*     \*     \*

"All that is required of a purchaser before recovery will be allowed is that a change in the odometer reading has occurred and that the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change.

"The purpose of the statute is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts."

With respect to the question of damages, the statute prescribes that they shall be three times the amount of actual damages sustained or $1,500, whichever is the greater. Plaintiff showed that he purchased the car for $1,500 and approximately a year later sold it for $80. By the defendant's own admission the value of the car under normal circumstances should not have depreciated by more than $300 or $400 during the course of such period. If $480 is deducted from $1,500 the indicated damage is $1,020 and three times the amount thereof is $3,060.

■ On all of the facts and circumstances the Court finds that plaintiff is entitled to a judgment in the amount of $3,060 plus reasonable attorney's fees in the amount of $1,000 plus expenses of $140.50. In addition, defendant's counterclaim herein is dismissed.

So ordered.