**Richard MAYES, Plaintiffs,**

v.

**WARREN HOLLON MOTORS et al., Defendants.**

**Civ. A. No. 74–478.**

United States District Court, S. D. Ohio E. D.

Nov. 26, 1975.

Howard N. Hoshor, Hebron, Ohio, James C. Britt, Jr., Columbus, Ohio, for plaintiffs.

Jack C. Kellenberger, Chillicothe, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

Plaintiff Richard Mayes brings this action against defendant Warren Hollon Motors, alleging that defendant, with intent to defraud, failed to comply with the odometer disclosure requirements set

granted to enable work on the Duck River project to continue while TVA complies with the law.

out at 15 U.S.C. § 1981 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1989(b). The case was tried to the Court; findings of fact and conclusions of law are set forth below, in accordance with Fed.R.Civ.P. 52(a).

On May 7, 1973, Warren Hollon, owner and operator of defendant Warren Hollon Motors, a used car dealership, purchased a 1971 Chevrolet station wagon which had been driven in excess of 115,000 miles. The odometer on the vehicle had "turned over" after recording 999,999 miles, so that it read some 15,000-plus miles. Mr. Hollon's seller informed him of this.

On May 15, 1973, Mr. Hollon sold the vehicle through the Ohio Auto Auction to Barry's Auto Sales, Lancaster, Ohio. Thereafter, Barry's Auto Sales sold the vehicle to Southgate Volkswagen, Heath, Ohio, which then sold it to Walter's Chevrolet, Hebron, Ohio. On June 21, 1973, plaintiff purchased the vehicle from Walter's Chevrolet.

When Hollon sold the vehicle through the Ohio Auto Auction, he signed in blank an "odometer report" form provided by the Auction. Signing such a form in blank was not an unusual practice for car dealers at the time. When an employee of the Auction filled out the odometer statement, the reading on the odometer, slightly over 15,000 miles, was recorded. Subsequent purchasers, including Mr. Mayes, were thereby led to believe that the mileage on the automobile was some 100,000 miles less than it actually was.

15 U.S.C. § 1988, which was in effect at the time defendant sold the vehicle through the Ohio Auto Auction, provides in pertinent part:

(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

The regulations, 49 C.F.R. § 580.4, similarly require that before transfer of ownership the transferor must disclose in writing to the transferee the fact that the actual mileage is different from the mileage reflected on the odometer.

There is no question in this case that defendant violated 15 U.S.C. § 1988 and the regulations thereunder when he signed the odometer disclosure form in blank. Nor is there any question that plaintiff relied upon the inaccurate odometer statement and was injured because of his reliance. 15 U.S.C. § 1989(a) provides, in part, that "Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable . . ." Defendant is liable, then, for his violation of § 1988 only if he acted "with intent to defraud."

Where an odometer has actually been rolled back while in the custody of a defendant, intent to defraud is easily established. Thus, in *Delay v. Hearn Ford*, 373 F.Supp. 791, 796 (D.S.C.1974), a case in which an odometer had been rolled back some 23,000 miles, the Court stated:

All that is required of a purchaser before recovery will be allowed is that a change in the odometer has occurred and that the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change.

In a case such as the instant one, where no actual tampering with an odometer

has been established, proof of the requisite intent is a different matter.

*Klein v. Pincus*, 397 F.Supp. 847 (E.D. N.Y.1975) was an odometer case in which the seller attempted to explain a change in odometer reading by suggesting that the odometer had gone past the 100,000 mile figure. 397 F.Supp. at 851. The Court rejected this defense, but it is noteworthy that in *Klein* substantial evidence of intent to defraud was presented at the trial. Defendant had been previously convicted in state court of tampering with an odometer, and a former business partner of defendant testified that he had observed defendant purchasing used vehicles with odometers reading in the 70,000–90,000 mile range and had thereafter observed the same vehicles on defendant's lot with the odometers changed to the 30,000–40,000 mile range. 397 F.Supp. at 850. As the Court stated, "plaintiff's proof of defendant's intent to defraud was substantial and convincing." 397 F.Supp. at 851.

In the instant case, there is no evidence, independent of the failure to disclose, which would tend to show that defendant intended to defraud anyone. On the contrary, Mr. Hollon testified that he thought his employee, Don Bowles, had informed the Ohio Auto Auction of the actual mileage when he registered the vehicle for sale at the Auction. Mr. Bowles testified that he did reveal the true mileage to an Auction employee named Lillian when he registered the vehicle. He also testified that he informed the Barry Auto Sales buyer at the Auction that the odometer had turned over once.

The Court cannot find on this record that plaintiff has established by a preponderance of the evidence the requisite intent to defraud. The Clerk will enter judgment for defendant Warren Hollon Motors.