**Karen A. SABER, et al.**

v.

**James J. DILEO, et al.**

**Civ. A. No. 88–2853.**

United States District Court,
E.D. Louisiana.

Oct. 18, 1989.

OPINION AND ORDER

McNAMARA, District Judge.

INTRODUCTION

This case involved a civil odometer fraud action brought under the Motor Vehicle Information and Cost Saving Act, 15 U.S.C. § 1989 (1982). The Plaintiffs purchased a 1983 Jaguar XJ6, and they subsequently learned that its odometer had been adjusted backwards. They then sued three Defendants, James Dileo, Performance Motor Service, Inc., and Leader Buick, Inc. Leader Buick was dismissed on May 23, 1989, from this lawsuit because Leader settled with Plaintiffs for $3,000.00 plus $298.00 in costs. Performance Motor Service, Inc. made an offer of judgment in the amount of $2,100.00 plus a future determination of attorneys' fees and costs accrued as of the date of the offer, which was March 16, 1989. Plaintiffs' counsel accepted this offer on March 22, 1989.

The Trial proceeded against Defendant Dileo before a jury on August 31, 1989. The jury found the Defendant liable and assessed damages in the amount of $3,500.00. Under 15 U.S.C. § 1989, this damage amount must be trebled by the court to $10,500.00. The court requested memoranda from the parties on whether or not the $10,500.00 should be reduced by any amount that the Plaintiffs had received from the two settling Defendants. The court must also determine an appropriate award of attorneys' fees, and determine how these fees should be apportioned among the parties.

DISCUSSION

1. REDUCTION OF DAMAGES

The issue of whether Defendant's liability should be reduced by any amount

that the Plaintiffs received from the two settling Defendants has not been directly decided in the Fifth Circuit. In *Alley v. Chrysler Credit Corp.*, 767 F.2d 138 (5th Cir.1985), the court, however, expressly disapproved of *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381 (D.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir.1978), in which the district court held that payment by one defendant diminished the amount of the claim against the other defendants. The *Duval* court found that the defendants' liability was "joint and several; each is liable for the whole judgment of each plaintiff." *Id.* at 1388, citing *Restatement of the Law, Torts*, § 875, p. 434. In rejecting the theory of joint and several liability, the Fifth Circuit in *Alley* found that each defendant is "separately and individually liable to the plaintiff and is without recourse to recovery from other defendants. *The purposes of the statute are advanced by imposing separate and individual liability on each person violating the Act.*" 767 F.2d at 142, quoting *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65, 70 (E.D.Wis. 1976) (emphasis supplied).

In accordance with this Fifth Circuit precedent, this court holds that the Defendant Dileo is separately and individually liable to the Plaintiffs for the full amount of $10,500.00. The Defendant, therefore, is not entitled to a reduction of these damages due to the fact that the other two Defendants settled prior to the Trial.

The Defendant Dileo argues that this court should be guided by La.Civ.Code Ann. art. 1803 (West 1989) in determining whether his liability should be reduced by the other Defendants' settlements. It is unnecessary for this court to examine the effect of Article 1803. Although the Plaintiff originally pled causes of action under Louisiana law, this case was decided under 15 U.S.C. § 1989. As a result, federal law must be applied to this issue. *Alley*, 767 F.2d at 141.

### ATTORNEYS' FEES

■ Section 1989(a)(2) provides that a successful plaintiff shall recover "the costs of the action together with reasonable attorney fees...." It is well settled that a district court has discretion in determining the amount of this award. *Hensley v. Eckerhart*, 461 U.S. 424, 438, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The court must "provide a concise, clear explanation of its reasons for the fee award." *Id.* at 438, 103 S.Ct. at 1941. The most important factor in assessing attorneys' fees are the "results obtained." *Id.* at 435, 103 S.Ct. at 1940; *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 725 (8th Cir.1978). And, "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 346, 103 S.Ct. at 1940.

Plaintiff's counsel has submitted an itemized list requesting $19,928.00 in attorneys' fees and $1,715.80 in expenses, for a total of $21,643.80. This request is the attorney's "lodestar" amount, which is the result obtained by multiplying the amount of hours incurred by the attorney's billable rate. *Gonzales v. Van's Chevrolet, Inc.*, 498 F.Supp. 1102, 1106 (D.Del.1980). In assessing the reasonableness of this figure, this court is guided by the Fifth Circuit guidelines for awarding attorneys' fees, as enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The *Johnson* court set forth twelve factors which a district court may consider in gauging the appropriateness of an award. This court has considered all of the *Johnson* factors, and will comment specifically on several of them.

### 1. THE TIME AND LABOR REQUIRED

The hours claimed by Plaintiff's counsel "are a necessary ingredient" in ascertaining an appropriate award. *Johnson*, 488 F.2d at 717. The court should "weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Id.* In addition, the court should look for inefficient utilization of time, effort expended upon superfluous tasks, or any "non-legal

work" which deserves a lesser rate of compensation. *Id.*

Plaintiffs' counsel's initial consultation with the Plaintiffs was on April 22, 1988. The Trial in this case was held on August 31, 1989. Three Defendants were initially involved, and Plaintiff settled with one Defendant and accepted an offer of judgment against the second Defendant before the Trial. While the legal issues were not necessarily complicated, counsel's efforts in this matter did span an 18–month period with no significant gaps during which the litigation was dormant.

Regarding counsel's hourly rate, this rate should be compared "to the prevailing market rates in the relevant community ..." for similar services by lawyers of reasonably comparable skills. *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). This court finds that counsel's requested hourly rate of $100/hr to be reasonable when measured against this standard.

The court, however, agrees with many of the Defendants' exceptions to the Plaintiff's request for fees. Accordingly, the court has deleted certain entries regarding discovery matters which were unnecessary or due to the untimeliness of counsel and other matters which the court finds duplicitous. Finally, this court has reduced the hours on matters which could have been done more expeditiously or by clerical personnel. Defendants' exceptions offer no compelling reasons, however, and this court finds none on its own, to cut the expenses petitioned for. Attached to this Opinion as Exhibit "A" is counsel's itemized request for attorney's fees and expenses, and this court's adjustments.

## 2. THE AMOUNT INVOLVED AND THE RESULTS OBTAINED

Plaintiffs accepted an offer of judgment from Performance Motor Service, Inc. for $2,100.00, and Leader Buick settled with Plaintiffs for $3,000.00 plus $298.00 in costs. At Trial, the Jury returned a verdict for $3,500.00, which is trebled to $10,500.00. These figures add up to a total recovery of $15,898.00. This recovery reflects an excellent result for complainant in this litigation.

## 3. AWARDS IN SIMILAR CASES

This court has noted the attorney fee awards in the following cases: *Duval v. Midwest Auto City, Inc.,* 578 F.2d 721 (8th Cir.1978) (fee of $14,000.00 and damages of $3,960.00); *Tusa v. Omaha Auto Auction, Inc.,* 712 F.2d 1248 (8th Cir.1983) (fee of $8,000.00 and damages of $1,500.00); *Gonzales v. Van's Chevrolet, Inc.,* 498 F.Supp. 1102 (D.Del.1980) (fee of $9,000.00 and damages of $7,105.98); *Shore v. J. C. Phillips Motor Co.,* 567 F.2d 1364 (5th Cir.1978) (fee of $2,000.00 and damages of $3,000.00); *Fleet Inv. Co. v. Rogers,* 620 F.2d 792 (10th Cir.1980) (fee of $5,000.00 and damages of $2,551.50). These cases, and others, indicate that there must be some relationship between the damage award and the attorneys fees. In *Tusa,* the Eighth Circuit paid attention to the proportion between the damages awarded and the fee requested in determining the award's compatibility with amounts given in other cases under the federal statute. *Tusa,* 712 F.2d at 1255. The proportion between the fee and the damages in the *Duval* case was 3.5 to 1. Considering the result obtained, the award herein is not inconsistent with the cited jurisprudence.

A consideration of the nature of this case and the *Johnson* factors leads this court to conclude that Plaintiff's counsel in this action deserves a fee award reflecting 135.55 hours of legal work at $100/hr, or $13,555.00. Additionally, counsel is entitled to expenses in the amount of $1,715.80.

This award will be apportioned among the three Defendants in the following manner. The Plaintiffs accepted an offer of judgment tendered by Performance Motor Service, Inc. which provided for costs and attorney's fees accrued as of the date of the offer, which was March 16, 1989. Since there were three Defendants until that date, Performance Motors will be held liable for one-third of the attorneys' fees accrued until March 16, 1989. Performance Motors' share of the attorneys' fees therefore comes out to $2,434.33. Leader

Buick settled with the Plaintiffs and was dismissed from the instant action on May 22, 1989. Leader Buick's share of the attorney's fees is as follows: one-third of the attorneys' fees until the date of Performance Motor's offer of judgment, which is $2,434.33; and one-half of the fees incurred between the time of Performance Motor's offer and the time of Leader Buick's settlement with the Plaintiffs, which is $1,184.00. Leader Buick's total share of attorney's fees, therefore, is $3,618.33. This amount, however, is not recoverable since Leader Buick settled with Plaintiff. The final Defendant, James Dileo, is responsible for one-third of the fees incurred up until the time that Performance Motor's offer of judgment. As stated earlier, this amounts to $2,434.33. Dileo also owes one-half of the fees incurred between the time of Performance Motor's offer and the time of Leader Buick's settlement with the Plaintiff. This amounts to $1,184.00. Finally, Dileo is responsible for all of the fees incurred between the time that Leader Buick settled and the resolution of this case. This figure is $3,884.00. Dileo's total share, therefore, is $7,502.33.

The court shall utilize the same method for apportioning the Plaintiff's costs and expenses. Performance Motor owes one-third of the costs and expenses accrued as of March 16, 1989, which is $440.30. Leader Buick's share includes one-third until March 16, 1989 ($440.30), and one-half until their settlement with Plaintiff, which is $37.50. Leader Buick's total share is $477.80, but this amount is not recoverable due to the settlement. Defendant Dileo owes one-third until March 16, 1989 ($440.30), one-half until Leader Buick's settlement ($37.50), and the remaining expenses ($319.90), for a total of $797.70.

Accordingly, IT IS ORDERED that the Defendant Dileo is not entitled to any credit due to the settlements reached by the other Defendants. As such, the Defendant Dileo is responsible for $10,500.00 in damages to the Plaintiffs. Regarding attorney's fees, expenses and costs, Defendant Dileo owes Plaintiff $8,300.03, and Performance Motor Service owes Plaintiff $2,874.63. Plaintiff is also entitled to interest on this judgment from the date of entry of the judgment until the date of payment, pursuant to 28 U.S.C. § 1961(a) (West Supp.1989).

**1171**

EXHIBIT A

| Date | Reason | Hours |
|------|--------|-------|
| 4/22/88 | Intake - office consultation | 1.33 |
| 4/22/88 | Telephone calls to Motor Vehicle Bureau, letters to Secretary of State and to Motor Vehicle Bureau and client. | 1.00 |
| 5/30/88 | Review file - 1st draft of lawsuit | ~~3.75~~ 2.00 |
| 6/21/88 | Review correspondence and invoices received from clients | .25 |
| 7/11/88 | Lenny Lahitte called gave information - Performance | .20 |
| 7/11/88 | Return call to attorney Kline - on hold | .20 |
| 7/13/88 | Call from Donald Kline - Leader Buick | .20 |
| 7/14/88 | Call from Anthony Russo, Esq. on Dileo | .20 |
| 7/19/88 | Review letters from attorney Bernard and review Motion from attorney Favret compose letter in response | .25 |
| 7/20/88 | Letter to clients | .25 |
| 7/20/88 | Letter to attorneys | .15 |
| 7/21/88 | Review answer filed by Performance Motors | .25 |
| 7/26/88 | Review answer filed by Dileo | .33 |
| 7/27/88 | Review answer filed by Leader Buick | .25 |
| 7/28/88 | Review Interrogatory and Request for Production of Documents filed by attorney LeBlanc | .33 |
| 8/22/88 | Research at Loyola library | 2.00 |
| 8/23/88 | Draft three sets of interrogatories and Request for Production, review file, conversation with client | 4.00 |
| 8/24/88 | Draft responses to Leader Buick Interrogatories and Request for Production, correspondence to attorneys | 1.00 |
| 9/6/88 | Review correspondence from clients | .20 |
| 9/7/88 | Review correspondence from attorney Favret | .15 |
| ~~9/9/88~~ | ~~Review call docket mailed by Court - call to law clerk and clerk Rodosta~~ | ~~.50~~ |
| 9/13/88 | Telephone conversation with attorney LeBlanc | .15 |
| 9/19/88 | Telephone conversation with attorney LeBlanc | .15 |
| 9/19/88 | Review Interrogatory answers and Request for Production provided by Leader Buick | 1.00 |
| 9/20/88 | Draft and file Voluntary Dismissal of Bonding Company and Memo | ~~1.00~~ .50 |
| ~~9/20/88~~ | ~~Call to clients reference to deposition~~ | ~~.40~~ |
| 9/21/88 | Letter to attorneys | .25 |
| 9/21/88 | Letter to clients | .15 |
| 9/22/88 | Review Interrogatory and documents from Performance Motors | ~~1.00~~ .50 |
| | Total | ~~20.82~~ 17.24 |

1172

| Date | Rea. | Hours |
|------|------|-------|
| 10/27/88 | Review file | .25 |
| 10/27/88 | 3.11 conference letter to attorney Favret | .20 |
| 10/28/88 | Call to Pat LeBlanc | .10 |
| 10/28/88 | Conversation with attorney Favret | .10 |
| 10/28/88 | Prepare deposition notices and subpoenas | ~~1.00~~ .50 |
| 11/9/88 | Review interrogatory answers and documents received from Dileo | .50 |
| 11/13/88 | Review file and documents | 1.50 |
| 11/14/88 | Prepare deposition notice and subpoena for Joe Balestra and letter to attorney | .50 |
| 11/15/88 | Prepare questions for nine depositions scheduled | ~~4.50~~ 2.25 |
| 11/16/88 | Consult with and prepare clients for deposition | ~~1.50~~ .50 |
| 11/16/88 | Attendance at scheduled depositions | 4.25 |
| ~~11/17/88~~ | ~~Draft Motion to Compel Discovery and Memo~~ | ~~1.25~~ |
| 11/17/88 | Conversation with attorney Favret | .15 |
| 11/17/88 | Prepare deposition notices for 11/28/88 date | .50 |
| ~~11/22/88~~ | ~~Prepare Deposition notices for 11/29/88 date~~ | ~~.50~~ |
| ~~11/23/88~~ | ~~3.11 letter to attorney Griffin~~ | ~~.15~~ |
| ~~11/28/88~~ | ~~Conversation with Griffins office~~ | ~~.15~~ |
| ~~11/28/88~~ | ~~Review letter and Motion for Discovery Conference from attorney Griffin~~ | ~~.50~~ |
| 11/28/88 | Conversation with attorney Griffin | .15 |
| 11/28/88 | Conversations with various secretaries reference deposition dates | .25 |
| 11/29/88 | Re - Notice of Deposition for 12/5/88 and 12/8/88 dates | .33 |
| 12/1/88 | Conversation with attorney Griffin | .15 |
| 12/2/88 | Various conversations with attorney LeBlanc | .25 |
| 12/2/88 | Conversation with office of attorney Favret | .10 |
| 12/2/88 | Conversation with office of attorney Griffin | .10 |
| 12/2/88 | Conversation with attorney Griffin & LeBlanc | .25 |
| 12/6/88 | Various unanswered calls to attorney Griffin and LeBlanc | .20 |
| 12/7/88 | Phone conversation with attorney Griffin | .15 |
| 1/10/89 | Review file and prepare for depositions | ~~2.00~~ 1.00 |
| 1/11/89 | Depositions of Dileo and Bellows | 2.33 |
| 1/11/89 | Letter to Griffin | .15 |
| 1/15/89 | Prepare for Depositions | ~~2.00~~ 1.00 |
| | Total | ~~26.01~~ 17.71 |

| Date | Reason | Hours |
|------|--------|-------|
| 1/16/89 | Take four depositions | 4.50 |
| 1/17/89 | Re- Notice Dowell deposition- conversation with Dowell | .20 |
| 1/18/89 | Telephone conversation with Jack Dowell and call for attorney Griffin | .20 |
| 1/18/89 | Conversation with clients and review file | .33 |
| 1/19/89 | Conversation with attorney Griffin | .10 |
| 1/20/89 | Review Interrogatory and Request for Production from attorney Griffin | .25 |
| 1/20/89 | Correspondence to clients | .20 |
| 1/20/89 | Review Dileo tax returns and documents received from attorney Favret | .20 |
| 1/24/89 | Correspondence to clients | .25 |
| 1/25/89 | Review Motion for Summary Judgment by Leader Buick | .75 |
| 1/25/89 | Prepare for Dowell deposition | .50 |
| 1/25/89 | Take Dowell deposition | .50 |
| 1/29/89 | Review file and begin opposition to Leader Buick Summary Judgment | ~~5.00~~ / 2.00 |
| 1/31/89 | Work on opposition to Leader Buick Summary Judgment | ~~2.50~~ / 1.00 |
| 2/2/89 | Research | 2.33 |
| 2/2/89 | Review additional documents received from Griffin | .15 |
| 2/2/89 | Review correspondence received from clients | .15 |
| 2/6/89 | Phone conversation with attorney Wallace - letter to Griffin | .15 |
| 2/6/89 | Review Motion for Summary Judgment filed by Performance Motor | .75 |
| 2/6/89 | Phone conversation with clients | .15 |
| 2/6/89 | Letter to clients | .25 |
| ~~2/7/89~~ | ~~Work on opposition to Summary Judgment by Leader Buick~~ | ~~2.75~~ |
| 2/8/89 | Work on opposition to Summary Judgment by Performance Motors | 5.00 |
| 2/8/89 | Review correspondence from clients | .15 |
| 2/9/89 | Review letter from attorney Griffin | .10 |
| 2/11/89 | Library research | 2.00 |
| ~~2/11/89~~ | ~~Work on Performance Motor opposition to Summary Judgment~~ | ~~2.00~~ |
| 2/12/89 | Conversation with clients | .15 |
| | Total | ~~21.56~~ 22.31 |

1174

| Date | Reason | Hours |
|------|--------|-------|
| 2/13/89 | Correct final drafts of opposition to Summary Judgments and witness list | 1.50 |
| 2/13/89 | Conversations with clients | .25 |
| 2/14/89 | Various telephone conversations with clients | .33 |
| ~~2/14/89~~ | ~~Filing oppositions to Summary Judgments~~ | ~~.33~~ |
| 2/14/89 | Letter to clients | .15 |
| 2/23/89 | Review reply memo filed by Performance Motors | .25 |
| 2/27/89 | Review Court judgment on Summary Judgment and telephone conversation with clients and letter to clients | .33 |
| ~~2/28/89~~ | ~~Rough draft of Request for Genuineness of Documents~~ | ~~.75~~ |
| ~~2/28/89~~ | ~~Supplemental interrogatory answers for Pat LeBlanc~~ | ~~.50~~ |
| 2/28/89 | Letter to all counsel for meeting - review Pre-Trial Order | .20 |
| ~~3/1/89~~ | ~~Telephone conversation with expert, letter to all counsel~~ | ~~.33~~ |
| ~~3/2/89~~ | ~~Second draft of Request for Genuineness of Documents and conversation with client~~ | ~~.75~~ |
| 3/2/89 | Began working on Pre-Trial Order | .50 |
| 3/3/89 | Telephone conversation with attorney Favret | .10 |
| 3/6/89 | Review documents mailed by clients | .25 |
| 3/6/89 | Telephone conversation with attorney Griffin | .10 |
| ~~3/6/89~~ | ~~Final draft of Request for Genuineness of Documents~~ | ~~.50~~ |
| 3/6/89 | Draft answers to interrogatories issued by Performance Motors | 1.00 |
| 3/6/89 | Telephone conversation with clients | .33 |
| 3/6/89 | Draft answers to Request for Production issued by Performance Motors | 1.00 |
| 3/7/89 | Correct and finalize interrogatory answers and Request for Production of Documents | .33 |
| ~~3/7/89~~ | ~~Prepare for office conference~~ | ~~.50~~ |
| 3/7/89 | Office meeting with attorneys | 1.00 |
| 3/7/89 | Phone conversation with clients | .25 |
| 3/7/89 | Draft Motion to Shorten Request for Genuineness of Documents | ~~1.00~~ .50 |
| 3/7/89 | Phone conversation with James Montez | .15 |
| 3/8/89 | Draft Motion to Extend Cut-off Dates and Motion for Expedited Hearing | ~~2.50~~ 1.00 |
| ~~3/8/89~~ | ~~Telephone conversation with R. Field~~ | ~~.20~~ |
| | Total | ~~15.38~~ 9.52 |

| Date | Reason | Hours |
|------|--------|-------|
| 3/8/89 | Telephone conversation with clients | .15 |
| 3/8/89 | Telephone conversation with all counsel | .15 |
| 3/9/89 | ~~Various calls to counsel to set up conference call with Magistrate~~ | ~~.25~~ |
| 3/9/89 | ~~Conference call with Magistrate~~ | ~~.25~~ |
| 3/9/89 | ~~Draft and file Motion to Review Determination of Magistrate and Motion for Expedited Hearing~~ | ~~1.75~~ |
| 3/9/89 | Review letter received from attorney LeBlanc | .10 |
| 3/10/89 | Review letter received from attorney Griffin | .10 |
| 3/10/89 | Work on Pre-Trial Order | .50 |
| 3/10/89 | ~~Telephone conversation with Jimmy Montez~~ | ~~.25~~ |
| 3/13/89 | Work on Pre-Trial Order | 1.50 |
| 3/14/89 | Review letter and enclosures from attorney LeBlanc - letter to LeBlanc | .25 |
| 3/15/89 | Finalize clients draft of Pre-Trial Order and calls to attorneys | 1.00 |
| 3/16/89 | Review Pre-Trial inserts from three defendants and incorporate into final Pre-Trial Order (1st draft) | 2.50 |
| 3/17/89 | Pre-Trial revisions and letter to all counsel | .75 |
| 3/19/89 | Review letters from Performance Motors and Dileo counsel revising the second draft of the Pre-Trial Order - dictation making the requested amendments | 1.00 |
| 3/20/89 | Review final draft - telephone conversations with attorney Griffin and delivery of Pre-Trial Order to Griffin's office | 1.25 |
| 3/20/89 | ~~Various telephone conversations with Favret, Griffin and LeBlanc~~ | ~~.25~~ |
| 3/20/89 | Pick up Pre-Trial Order from Favret's office, discussion with attorney's Favret and Griffin, deliver Pre-Trial Order to LeBlanc, discussion with her and delivery of Pre-Trial Order to law clerk | 2.25 |
| 3/20/89 | Telephone conversation with clients | .10 |
| 3/21/89 | Telephone conversation with Pat LeBlanc | .15 |
| 3/21/89 | ~~Re-do Pre-Trial Order without Leader Buick~~ | ~~.50~~ |
| 3/21/89 | ~~Meet with James Montez in Slidell~~ | ~~2.00~~ |
| 3/21/89 | ~~Prepare for Pre-Trial Conference~~ | ~~1.25~~ |
| 3/22/89 | Pre-Trial Conference | .75 |
| 3/22/89 | Conversation with attorney Griffin | .25 |
| 3/22/89 | Conversation with clients | .15 |
| 3/23/89 | Conversation with Griffin | .20 |
| | Total | ~~19.60~~ 13.10 |

| Date | Reason | Hours |
|------|--------|-------|
| 3/23/89 | Conversation with clients | .25 |
| 3/24/89 | Draft jury instructions | 3.25 |
| 3/26/89 | Draft memo on exhibits - issue subpoenas file and bring pleadings to law clerk | 1.75 |
| 3/27/89 | Draw chart for exhibit | 1.50 |
| 3/27/89 | Two calls to attorney Favret - left messages | .10 |
| 3/28/89 | Conversation with attorney Favret | .10 |
| 3/28/89 | Read and index four depositions | 2.00 |
| 3/29/89 | Review settlement offer from Favret | .15 |
| 3/29/89 | Service of two subpoenas | .50 |
| 3/29/89 | Read and index two depositions | 1.25 |
| 3/29/89 | Draft Notice of Acceptance on Performance Motors settlement | .33 |
| 3/30/89 | File Notice of Acceptance and issue one subpoena | .25 |
| 3/30/89 | Conversation with law clerk - Re: Trial | .10 |
| 3/30/89 | Prepare cross-examination of Dileo | 2.00 |
| 3/30/89 | Check residence across river for witness Kevin Bellows | .75 |
| 3/30/89 | Edit Bellows' deposition for use at trial | 1.00 |
| 4/5/89 | Review response to Request for Admission of Genuineness | .25 |
| 4/10/89 | Review letter from attorney Favret and review file | .15 |
| 4/12/89 | Conversation with Division "D" clerk for dates | .10 |
| 4/12/89 | Letter to clients | .15 |
| 4/14/89 | Review new Pre-Trial Order and letter to James Montez | .25 |
| 4/14/89 | Letter to attorney  Griffin | .10 |
| 4/14/89 | Letter to attorney LeBlanc | .10 |
| 5/11/89 | Phone call to clients, letter to clients and phone call to Montez | .25 |
| 5/11/89 | Letter to attorney Griffin | .20 |
| ~~6/19/89~~ | ~~Call to Favret's office - conversation with secretary to set up deposition for Thompkins~~ | ~~.25~~ |
| 6/19/89 | Review correspondence and invoice on alternator received from clients | .25 |
| 6/20/89 | Letter to clients | .25 |
| 6/26/89 | Review Favret amendment to pre-trial order | .15 |
| 6/27/89 | Review correspondence from clients | .25 |
| | Total | ~~17.98~~ 17.73 |

| Date | Reason | Hours |
|------|--------|-------|
| 6/27/89 | Letter to attorney Favret and Notice of Deposition | .25 |
| 7/6/89 | Conversation with clients | .25 |
| 7/12/89 | Review file and letter to attorney Favret | .33 |
| 8/1/89 | Conversation with Montez | .15 |
| 8/3/89 | Review witness list - issue subpoenas | .25 |
| 8/4/89 | Instructions for service of subpoena - returns | .25 |
| 8/7/89 | Letters to experts Montez and Thompkins | .33 |
| 8/8/89 | Issue another subpoena to Charles Healey through attorney Griffin | .25 |
| 8/8/89 | Telephone conversation from attorney Griffin on Lahitte conflict | .20 |
| 8/9/89 | Draft Motion in Limine and Memorandum | 1.75 |
| 8/15/89 | Review and up-date Pre-Trial Order | .75 |
| 8/15/89 | Conversation with attorney Griffin regarding Lahitte and service on Healey | .20 |
| 8/15/89 | Hand delivered Pre-Trial Order to Favret | .25 |
| 8/15/89 | Trip with process server to Performance Motor Service, Inc. to serve Bellows and Healey | .33 |
| 8/16/89 | Phone call from and conversation with Leonard Lahitte regarding testimony | .15 |
| 8/16/89 | Review complete file | 1.0 |
| 8/17/89 | Pick up from attorney Favret and file Pre-Trial Order | .75 |
| 8/18/89 | Review letter from attorney Griffin regarding Subpoena on Healey | .15 |
| 8/18/89 | Meeting with expert Montez in Slidell, LA. | 3.0 |
| 8/18/89 | Review Dileo Jury Instructions | .25 |
| 8/18/89 | Telephone conversation with clients | .15 |
| 8/19/89 | Review entire file - formulate expert questions and expert voir dire | 2.75 |
| 8/19/89 | Telephone conversation with expert Thompkins | .20 |
| 8/19/89 | Attempt to serve Healey at Performance Motor Service, Inc. | .20 |
| 8/21/89 | Prepare for Pre-Trial Conference | .5 |
| 8/21/89 | Attendance at Pre-Trial Conference | .5 |
| 8/21/89 | Telephone conversation with clients | .25 |
| 8/21/89 | Read clients' depositions - index | 1.0 |
| 8/21/89 | Drive to Metairie to serve subpoena on Healey | .75 |
| 8/22/89 | Letters to Judge and to attorney Griffin on subpoena problems | .25 |
| 8/22/89 | Letter to expert Montez | .25 |
| | Total | ~~17.64~~ 9.46 |

| Date | Reason | Hours |
|------|--------|-------|
| 8/22/89 | Letter to clients | .25 |
| 8/22/89 | File service return into court record | .25 |
| ~~8/22/89~~ | ~~Research and Memorandum on Burden of Proof~~ | ~~1.75~~ |
| ~~8/23/89~~ | ~~Go through exhibits - draft exhibit list~~ | ~~1.33~~ |
| 8/23/89 | Formulate questions for Bellows - review Deposition | ~~2.0~~ 1.00 |
| ~~8/23/89~~ | ~~File Memorandum on Burden of Proof~~ | ~~.33~~ |
| 8/24/89 | Formulate questions for Healey - review Deposition | ~~2.25~~ 1.00 |
| 8/24/89 | Conversation with clients | .15 |
| 8/25/89 | Conversation with law clerk Scott regarding trial date and possible witness problems | .15 |
| 8/25/89 | Two conversations with Kevin Bellows regarding appearance times | .15 |
| 8/25/89 | Letter to Joe Balestra | .15 |
| 8/25/89 | Conversation with clients | .20 |
| 8/27/89 | Review Balestra Deposition | .33 |
| ~~8/27/89~~ | ~~Review Plaintiffs' Jury Instructions and defendant's Jury Instructions~~ | ~~.75~~ |
| ~~8/27/89~~ | ~~Research~~ | ~~1.5~~ |
| ~~8/27/89~~ | ~~Prepare notes for picking jury~~ | ~~.66~~ |
| 8/28/89 | Meet with clients | .5 |
| 8/28/89 | Court appearance to pick jury | 1.5 |
| 8/28/89 | Meeting with clients after jury selection to review their testimony | ~~2.0~~ 1.00 |
| 8/29/89 | Review, reclassify and organize exhibits | ~~1.5~~ .75 |
| 8/29/89 | Review Dileo deposition and prepare cross-examination | ~~3.0~~ 1.50 |
| 8/29/89 | Conversation with Montez | .15 |
| 8/30/89 | Telephone conversation with attorney Favret | .10 |
| 8/30/89 | Telephone conversation with clients | .20 |
| 8/30/89 | Telephone conversation with James Montez | .33 |
| 8/30/89 | Day before trial preparations and review | ~~8.5~~ 4.00 |
| 8/31/89 | Meeting with clients and trial | ~~7.75~~ 7.00 |
| 9/6/89 | Formalize documentation for proving attorney fees & expenses | 1.33 |
| | Total | ~~39.06~~ 21.99 |

TOTAL HOURS ~~188.12~~ 129.06

188.12 hours @ 100.00 per hour = $18,812.00 attorney's fees.

## SABER EXPENSES

| Check # | Date | Reason | Amount |
|---------|------|--------|--------|
| 847 | 4/22/88 | Corporate information | $ 5.00 |
| 917 | 7/1/88 | Filing Suit | $120.00 |
| 1066 | 1/25/89 | Deposition cost of testimony of Jack Dowell | $ 35.00 |
| 1114 | 4/14/89 | Expert - Montez | $ 75.00 |
| 1195 | 8/7/89 | Expert mechanic - witness fee for Thompkins | $ 20.00 |
| 1196 | 8/7/89 | Expert testimony - witness fee for Montez | $ 20.00 |
| 1199 | 8/17/89 | Fees & mileage witness - Bellows | $ 20.00 |
| 1202 | 8/18/89 | Witness fee - Healey | $ 20.00 |
| 3497 | 3/21/89 | Saber Exhibits - Kinko copies | $152.60 |

Postage ........................................$ 55.20
Reproduction (321 copies @ .10¢) ...................$ 32.10

Subtotal: $554.90

Deposition Costs:

| | |
|---|---|
| Proces Verbal of Charles Healey & Leonard Lahitte | $ 43.00 |
| Jack Dowell | $ 88.10 |
| Charles Healey | $ 108.90 |
| Joseph Balestra | $ 120.20 |
| Kevin Bellows | $ 115.40 |
| Leonard Lahitte | $ 140.10 |
| Richard Call | $ 114.00 |
| Frank Foto | $ 116.40 |
| Belinda Lombardo | $ 50.30 |
| James Dileo | $ 173.00 |
| Tommy Robertson | $ 91.50 |

Total Deposition costs $1,160.90

TOTAL EXPENSES $1,715.80

## SUPPLEMENTAL ITEMIZATION OF ATTORNEY'S FEES AND COSTS

| Date | Reason | Hours |
|------|--------|-------|
| 9/18/89 | Review Opposition Memorandum from defendant Dileo | .50 |
| 9/19/89 | Review Opposition Memorandum from defendant Performance Motor Service, Inc. | .33 |
| 9/21/89 | Library research and drafting of Memorandum Opposing Award Reduction | ~~5.00~~ 2.50 |
| 9/28/89 | Library research and drafting of Memorandum in Support of Attorney's Fees and Costs | ~~4.33~~ 2.16 |
| 10/5/89 | Drafting and filing Motion to File Supplemental Attorney's Fee Statement | 1.00 |
| | Previous Total Hours | 188.12 |
| | Additional Hours | 11.16 |
| | **SUPPLEMENTED TOTAL HOURS** | ~~199.28~~ 135.55 |

199.28 hours @ 100.00 per hour = $19,928.00 attorney's fees.

### SABER EXPENSES

James Montez testified at trial as an expert witness and is entitled to an expert witness fee taxable as costs against James Dileo.

Plaintiffs are entitled to legal interest from the date of judicial demand until paid on judgments rendered against Performance Motor Service, Inc. and James Dileo.

Respectfully Submitted,

LAW OFFICES OF GEORGE G. ANGELUS
(A Professional Law Corporation)

By:

GEORGE G. ANGELUS
Attorney for Plaintiffs
1001 Howard Avenue,
Suite 3002
New Orleans, LA. 70113
Phone: (504) 524-4608
Bar No. 2496