**Joan E. SHORE, Plaintiff-Appellee,**

v.

**J. C. PHILLIPS MOTOR COMPANY et al., Defendants,**

**Bonnie C. Barber, Defendant-Appellant.**

No. 77–2035
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1978.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Charles C. Carter, Columbus, Ga., for defendant-appellant.

Jay William Fitt, Kenneth S. Stepp, Columbus, Ga., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This is a suit for odometer tampering under the Motor Vehicle Information and Costs Savings Act. 15 U.S.C. §§ 1981–1991.

Appellee Barber bought a 1973 Ford Torino on January 5, 1973, through Phillips Motor Company from Bill Fulford Motor Company, Cuthbert, Georgia. The car was used by Barber for his personal use and also in his driving school. In February or March 1975, Barber delivered the car to Phillips' used car lot for sale. On June 26, 1975, Shore purchased the car from Phillips. At the time she purchased the car, the odometer reading was 20,125. A repair order at Barrington Ford, Columbus, Georgia, dated December 1974, showed the mileage of the car to be 50,365. Neither Phillips nor Barber gave Shore an odometer mileage statement at the time she purchased the car, though she requested one. Shore paid $2,395 for the car, though Barber only received $2,075 for it. Both Phillips and Barber testified they never altered the odometer. Shore encountered multiple mechanical problems with the car shortly after purchase.

After all the evidence was presented, Phillips' motion to dismiss was granted since he had no ownership interest in the car, was not the transferor, and was acting as Barber's agent. The case was submitted to the jury. They returned a verdict in Shore's favor for $3,000. The court later awarded her $2,000 in attorney's fees. Barber appeals alleging the jury's verdict is not supported by the evidence since he had no intent to defraud Shore. Barber sought neither a directed verdict nor judgment n.o.v.

The only other Fifth Circuit case involving an odometer claim was based on common law fraud. *Yates v. Tindall & Son Pontiac*, 531 F.2d 293 (5th Cir. 1976). In *Pepp v. Superior Pontiac GMC*, 412 F.Supp. 1053 (E.D.La.1976), Judge Rubin granted a motion for summary judgment on the basis that an intent to defraud could not be implied from a negligent failure to determine if the odometer was working. To recover under the Act, one must show a violation of the Act, coupled with an intent to defraud while committing the violation. (15 U.S.C. § 1989) There is no doubt that the Act was violated here. Ms. Shore was not supplied with an odometer statement on the vehicle as required by § 1988. The odometer was obviously turned back, though Phillips and Barber both denied doing so.

The jury were instructed on the Act and on the principles of agency. The vehicle was under Barber's dominion or that of

his agent during the time the odometer was tampered with. Based on these facts, the jury found the requisite intent to defraud. Similar findings have been made in nonjury cases: where there has been a reduction in the odometer reading while the vehicle is in the possession of a transferor, fraud is implied, in the absence of an explanation. *Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381 (D.C.Neb.1977); *Delay v. Hearn Ford,* 373 F.Supp. 791 (D.C.S.C.1974); *Klein v. Pincus,* 397 F.Supp. 847 (E.D.N.Y. 1975).

Where there is evidence of such quality and weight that reasonable men in the exercise of impartial judgment might reach different conclusions, the case must go to the jury. There must be a conflict in substantial evidence to create a jury question. *Boeing v. Shipman,* 411 F.2d 365, 374–5 (5th Cir. 1969) (en banc). However, it is the function of the jury as finders of fact, and not the Court, to weigh conflicting evidence and inferences, and to determine the credibility of witnesses. *Boeing, supra.*

The jury's verdict is supported by the evidence. The judgment of the district court is

AFFIRMED.