Manuel L. LEVINE, Plaintiff,

v.

**ARK–LES SWITCH CORP., Defendant.**

Civ. A. No. 75–167.

United States District Court,
W. D. Pennsylvania.

March 10, 1978.

Gerald S. Lesher, Pittsburgh, Pa., for plaintiff.

John J. McLean, Jr., Pittsburgh, Pa., for defendant.

OPINION

MARSH, District Judge.

On February 6, 1975, the plaintiff, Manuel L. Levine, brought this action pursuant to the Motor Vehicle Information and Cost Savings Act of 1972, Sub Chapter IV, Odometer Requirements, 15 U.S.C. § 1989(b), against Ark-Les Switch Corp. (Ark-Les), Norman E. MacNeil, Cambridge Imported Cars, Inc., Carib Auto Sales, Inc., Grossman Motor Car Corp., and Al Schwartz, Incorporated.[1] The complaint alleges that plaintiff purchased from Al Schwartz, Incorporated, on or about February 15, 1974, a used 1971 Mercedes Benz in which the odometer had been replaced, and that he had been misinformed of the true mileage on that used automobile. The complaint also alleges: that Ark-Les violated 15 U.S.C. § 1987[2] which requires a notice in

1. The cases against the other defendants listed have been dismissed.

2. 15 U.S.C. § 1987 provides:
   "Nothing in this subchapter shall prevent the service, repair, or replacement of an odome-

writing to be attached to the left door frame of the vehicle by the owner or his agent specifying the mileage prior to replacement of the odometer and the date it was replaced; that Ark-Les violated 15 U.S.C. § 1988(a)(2)[3] and 49 CFR § 580.4(c), in failing to make an odometer disclosure statement that the actual mileage is unknown, if the odometer reading is known to the transferor (Ark-Les) to be different from the number of miles the vehicle has actually travelled; and that Ark-Les violated these requirements with an intent to defraud.[4]

Ark-Les has moved for summary judgment. In our opinion the motion should be granted for the reason that the plaintiff in response thereto failed to contradict the facts set forth in the depositions of Edward G. Clement, Jr., and Norman E. MacNeil and in the MacNeil affidavit submitted by Ark-Les. Plaintiff failed to set forth facts showing that the alleged violations by Ark-Les were made with the intent to defraud, as is plaintiff's burden. Thus, there is no genuine issue of material fact for trial.[5] Under the 1963 amendment to Rule 56(e), Fed.R.Civ.P., plaintiff had the burden to respond to the depositions and affidavit filed by Ark-Les by setting forth specific facts showing that there is a genuine issue for trial. The plaintiff is required to dis-

close the merits of his case. 6 Moore's Federal Practice 2d Ed. 56.01(14) and 56.-22(2). *Cf. First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

It appears that the plaintiff, formerly of Pittsburgh, Pennsylvania, on February 15, 1974, purchased from Al Schwartz, Incorporated, a 1971 Mercedes Benz and paid $12,727.00 to the seller. At the time of the sale, Al Schwartz, Incorporated, did warrant to the plaintiff that the actual mileage on said automobile was 5,972 miles. We assume that the mileage at that time actually was in excess of 34,000 miles as alleged in the complaint.[6] Prior to this transaction, the automobile had had several previous owners including defendant Ark-Les.

Ark-Les is a corporation domiciled at Watertown, Massachusetts. It owned the 1971 Mercedes Benz which was used by the company's president, Norman E. MacNeil. While the vehicle was owned by Ark-Les, the speedometer broke and on August 14, 1973, the speedometer head including the odometer was replaced by Edward G. Clement, Jr., a mechanic employed by Mercedes Benz Auto Engineering, Inc., at Lexington, Massachusetts. After replacing the speedometer head, Clement placed a "sticker" on the "door jamb". The "sticker" stated the

---

ter, provided the mileage indicated thereon remains the same as before the service, repair, or replacement. Where the odometer is incapable of registering the same mileage as before such service, repair, or replacement, the odometer shall be adjusted to read zero and a notice in writing shall be attached to the left door frame of the vehicle by the owner or his agent specifying the mileage prior to repair or replacement of the odometer and the date on which it was repaired or replaced. Any removal or alteration of such notice so affixed shall be unlawful."

3. 15 U.S.C. § 1988(a)(1) and (2) provides:
"(a) Not later than 90 days after . . . [October 20, 1972], the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
(1) Disclosure of the cumulative mileage registered on the odometer.
(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to

the transferor to be different from the number of miles the vehicle has actually traveled."

4. 15 U.S.C. § 1989(a) provides:
"Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable . . . .."

5. Plaintiff's counsel admitted at the argument on February 28, 1978 that there were no issues of fact to be tried. He contended that the admitted fact that no odometer disclosure statement was given by Ark-Les, the transferor, to its transferee Cambridge Imported Cars, Inc., on or about the time of the sale on November 11, 1973, and the fact that when the vehicle was purchased by plaintiff in February, 1974, there was no notice attached to the left door frame of the vehicle specifying the mileage prior to the replacement of the odometer by Ark-Les, were sufficient to impose liability upon Ark-Les.

6. Complaint Paragraph Seventh.

old mileage on the odometer, the date of the change, and the mileage shown on the new odometer to be four miles. The "sticker" contained a statement "Penalty. It is unlawful to remove this door jamb." [7] At the time the odometer was replaced the actual mileage on the vehicle was 24,617 miles, which Mr. MacNeil recorded in his 1973 calendar book. The "sticker" which Clement placed on the "door jamb" was not removed by Mr. MacNeil although he does not recall seeing it.[8]

Although it does not appear that Clement attached the notice of the new odometer to "the left door frame," the fact that a "sticker" containing the required data was attached to a "door jamb" with a warning against its removal, clearly shows that there is no genuine issue as to any material fact which would establish that Ark-Les violated the § 1987 requirement *with the intent to defraud anyone* pursuant to 15 U.S.C. § 1989(a).[9] The facts contained in the depositions and the affidavit submitted by Ark-Les disclose that there was no intent to defraud on the part of Ark-Les and those facts are not controverted by any clear showing to the contrary. *Cf. Pepp v. Superior Pontiac GMC, Inc.*, 412 F.Supp. 1053 (E.D.La.1976).

On November 11, 1973, Ark-Les purchased a new Mercedes Benz from Cambridge Imported Cars, Inc. (Cambridge) in Lexington, Massachusetts and traded in the used 1971 Mercedes in suit. Ark-Les did not give Cambridge a written odometer mileage statement as required by 15 U.S.C. § 1988(a)(1) and (2),[10] and 49 CFR 580.4. Although Mr. MacNeil, the president of Ark-Les, knew that the odometer reading differed from the number of miles the vehicle had actually travelled, he did not give a written statement "that the actual mileage is unknown," as required by § 1988(a)(2) and 49 CFR 580.4(c).[11]

However, Mr. MacNeil negotiated the trade-in of the Mercedes in suit with one "Jose Bulo" a salesman employed by Cambridge and told him that the odometer had been replaced and that its actual mileage at the time of replacement was 24,617 miles.[12] When the used vehicle was delivered to Cambridge, the original service booklet was inside the vehicle. The car's mileage had been recorded in this booklet at various times when it was serviced and this booklet indicated that the car's mileage had been in excess of the mileage shown on the new odometer.[13]

The true mileage of the 1971 Mercedes was taken into account by Cambridge and by MacNeil in negotiating a trade-in price for the used vehicle.[14]

It appears from the proposed facts submitted by counsel for Ark-Les and admitted by counsel for plaintiff that Cambridge sold the Mercedes in suit to Carib Auto Sales, Inc. of New York; that Carib sold the Mercedes to Grossman Motor Car Corp. of West Nyack, New York; that Grossman sold the Mercedes to Al Schwartz, Incorporated. All these sales were made in February, 1974.

---

7. See deposition of Edward G. Clement, Jr., pp. 6–7.

8. See deposition of Norman E. MacNeil, pp. 9, 11.

9. See f.n. 3, *supra*.

10. See f.n. 2, *supra*.

11. Since the president of Ark-Les knew the *actual* mileage the vehicle had travelled when it was sold to Cambridge to be 24,617 miles when the odometer was replaced, plus 4,606 miles shown on the new odometer when the vehicle was traded-in by Mr. MacNeil for Ark-Les or a total of 29,223 miles, he would have violated § 1988(b) if he had stated "*that the actual mileage is unknown.*" Section 1988(b) provides:

"It shall be a violation of this section for any transferor to violate any rules under this section *or to knowingly give a false statement* to a transferee in making any disclosure required by such rules." (Emphasis supplied). *Cf. Rider Oldsmobile, Inc. v. Wright*, 415 F.Supp. 258 (M.D.Pa.1976). It seems that summary judgment also should be granted in favor of Ark-Les under the jurisprudence established by *Rider*.

12. See affidavit of Norman E. MacNeil filed November 15, 1977.

13. *Id.* pp. 2–3.

14. *Id.* p. 3.

58

It is obvious that all the defendants, except Mr. MacNeil and Ark-Les, are motor vehicle dealers, and counsel for plaintiff admits that Cambridge, Carib, Grossman and Schwartz all had the opportunity and the incentive to make a false disclosure of the actual mileage to their respective vendees and to remove any notice placed on the door.[15]

It appears from the proposed facts submitted by counsel for Ark-Les and admitted by counsel for plaintiff that in September, 1974, plaintiff filed a complaint with the County of Allegheny Bureau of Consumer Affairs concerning the used Mercedes he purchased from Al Schwartz, Incorporated. On November 26, 1974, a representative of the Bureau wrote to Cambridge requesting "documentation of odometer reading (accumulated mileage) on this vehicle at acquisition and sale." Cambridge sent back copies of two odometer mileage statements. The statement purportedly given by Ark-Les to Cambridge appears to be a forgery. See MacNeil's deposition pp. 11–12 and Deposition Exhibit 1. The statement given by Cambridge to Carib Auto Sales is attached to the Proposed Findings of Fact submitted by counsel for Ark-Les.

■ It is uncontroverted from Deposition Exhibit 1, which was sent by Cambridge to the Bureau of Consumer Affairs, that when Cambridge purchased the Mercedes from Ark-Les as a trade-in Cambridge knew for a fact that the odometer had been replaced and that the vehicle's true mileage was over 29,000 miles. Thus, Ark-Les is not liable to plaintiff under §§ 1988 and 1989(a), because the uncontradicted facts from Mr. Mac-Neil's affidavit, his deposition, and Deposition Exhibit 1, show that Ark-Les had no "intent to defraud" in connection with the sale of the used 1971 Mercedes to Cambridge even though Ark-Les failed to give the latter an Odometer Mileage Statement. Prior to the trade-in, Cambridge was told and knew the actual mileage travelled by the used Mercedes. *Cf. Pepp v. Superior*

*Pontiac GMC, Inc.,* 412 F.Supp. 1053 (E.D. La.1976) and *Rider Oldsmobile, Inc. v. Wright,* 415 F.Supp. 258 (M.D.Pa.1976).

■ Ark-Les cannot be held liable to plaintiff because a subsequent owner-car dealer falsely represented a lower mileage with intent to defraud a subsequent purchaser.

---

**15.** See Proposed Findings of Fact (Docket No. 95) received from counsel for Ark-Les and Responses to Counter Proposals of Findings of Fact and Counter Proposals of Conclusions of Law received from counsel for plaintiff (Docket No. 96) at Nineteenth.