**Joann RALBOVSKY, Plaintiff,**

v.

**Daniel LAMPHERE, Orange Motor Co., Inc., Brando Wholesale Autos, and Michele Meyers, Defendants.**

**No. 88–CV–642.**

United States District Court, N.D. New York.

Feb. 27, 1990.

Anthony J. Conde, Clifton Park, N.Y., for plaintiff.

Tobin and Dempf, Albany, N.Y. (John W. Clark, of counsel), for Orange Motors Co., Inc.

Thuillez Ford Gold & Connolly, Albany, N.Y. (Domenique A. Pollara, of counsel), for Meyers.

Paul V. Oliver, Albany, N.Y., for Brando Wholesale Autos.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### Introduction

Plaintiff Joann Ralbovsky brought this action to enforce civil liability for violations of the federal odometer disclosure requirements contained in the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 ("Odometer Act"). Plaintiff has moved for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure against defendants Orange Motor Co. ("Orange Motors") and Michele Meyers. Defendant Orange Motors has also moved for summary judgment dismissing the complaint as to it, and defendant Meyers has cross-moved for summary judgment dismissing the complaint as to her.

### Background

Defendant Meyers was the original owner of the automobile that is the subject of this action, a 1980 Chevrolet Monza. The

odometer in the car did not operate for some period while Meyers owned the car. Meyers purchased a new vehicle on or about September 30, 1987, from defendant Orange Motors, which took the 1980 Monza as a trade-in.

Among the forms Meyers was required to fill out as part of her purchase of the new vehicle was an odometer mileage statement. According to Meyers' affidavit, the Orange Motors salesman instructed her as to what information to write on the statement, and to check the box on the form next to the statement: "I hereby certify that to the best of my knowledge the odometer reading as stated above reflects the actual mileage of the vehicle described below." Meyers states that she then told the salesman that the odometer "had been broken for a period of time." At this point, Meyers states, the salesman did not tell her to check another box, but told her that if she did not purchase the new car that evening, she would not get as good a deal and that the interest rate for the transaction would go up. Meyers signed the odometer mileage statement, certifying that the actual mileage on the car was 31,316. These statements in Meyers' affidavit are uncontroverted by the affidavits and other papers submitted by plaintiff and defendant Orange Motors.

On or about October 10, 1987, Orange Motors sold the vehicle to defendant Brando Wholesale Autos ("Brando Wholesale"), certifying by odometer mileage statement that the actual mileage on the car was 31,318. On or about October 26, 1987, defendant Brando Wholesale sold the car to defendant Daniel Lamphere, certifying by odometer mileage statement that the actual mileage on the car was 31,328. On or about November 12, 1987, defendant Lamphere sold the car to the plaintiff, Ralbovsky, without certifying the mileage.

The plaintiff subsequently took the car in for repairs, and a repairman discovered a sticker on the air filter indicating that the car had traveled more than 100,000 miles by August 1987. Records from a Jiffy Lube Service Center located in the glove box also indicated that the vehicle had traveled more than 100,000 miles.

## Discussion

Plaintiff has alleged, *inter alia,* that the various defendants have violated 15 U.S.C. §§ 1988 and 1989, which together prohibit the making of false statements as to the actual mileage on an automobile with the intent to defraud. These allegations against defendants Meyers and Orange Motors are the subject of the present motions.

Section 1988 requires a transferor of an automobile to disclose to the transferee the accurate mileage as set forth on the odometer, or disclose that the actual mileage is unknown if the transferor knows that the odometer reading is not accurate. Section 1988 makes it unlawful to give a false statement to a transferee in making such disclosure. 15 U.S.C. § 1988(a) and (b). The Odometer Act provides for a civil penalty against "any person who, *with intent to defraud,* violates any requirement imposed under this subchapter...." 15 U.S.C. § 1989. Thus, the mere fact that a transferor has violated the disclosure requirements of the Act does not necessarily mean that he or she is civilly liable. The transferor must have acted with "intent to defraud" in order to be subject to liability from a purchaser.

Plaintiff contends that defendant Orange Motors had either actual or constructive knowledge that the odometer reading was inaccurate, or recklessly disregarded the truth as to the inaccuracy of the odometer reading, and therefore intent to defraud can be inferred. Plaintiff maintains that defendant Meyers may be held liable under the statute because she had actual knowledge that the odometer reading was false. Defendant Orange Motors urges, on the other hand, that it is not alleged that Orange Motors intended to deceive plaintiff, nor are facts alleged upon which intent to defraud may be inferred. Defendant Meyers contends that there is no evidence that she intended to defraud any transferee, and in fact the evidence shows that she *did not* intend to defraud any transferee.

The transferors cannot be protected by the absence of privity between themselves and the actual purchaser, because a consumer is entitled to recover damages under the Act from each transferor in the chain of title who has made a false mileage statement with the intent to defraud. *Ryan v. Edwards*, 592 F.2d 756 (4th Cir. 1979); *Byrne v. Autohaus on Edens, Inc.* 488 F.Supp. 276 (D.C.Ill.1980). Therefore, plaintiff in the instant case can recover from each of the named defendants if they have made false odometer statements with the intent to defraud.

At issue is the standard for demonstrating "intent to defraud" within the meaning of Section 1989. The question raised is apparently one of first impression in this district, and has been treated by only one other court in the Second Circuit. *Auto Sport Motors v. Bruno Auto Dealers*, 721 F.Supp. 63 (S.D.N.Y.1989). The majority view is that a seller of a used car reporting that the mileage shown on the odometer is true may be held liable in the absence of actual knowledge that an odometer reading is false if he reasonably should have known that the odometer reading was incorrect. *See Auto Sport*, 721 F.Supp. at 65; *Tusa v. Omaha Auto Auction, Inc.*, 712 F.2d 1248, 1253 (8th Cir.1983) (intent to defraud can be inferred "where the seller exhibited gross negligence or a reckless disregard for the truth in preparing odometer disclosure statements."); *Ryan v. Edwards*, 592 F.2d 756, 762 (4th Cir.1979) ("Constructive knowledge, recklessness, or even gross negligence in determining and disclosing the actual mileage traveled by a vehicle have been held sufficient to support a finding of intent to defraud under the statute."); *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978) (liability may be imposed when "a transferor reasonably should have known that a vehicle's odometer reading was incorrect"); *Oettinger v. Lakeview Motors, Inc.*, 675 F.Supp. 1488, 1493 (E.D. Va.1988) ("[A] dealer is subject to liability where he recklessly disregards the truth as to a car's actual mileage."); *Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F.Supp. 889, 893 (W.D.Pa.1977) (recklessness can rise to level of fraudulent intent);

*Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328, 1335 (D.Conn.1977) (something more than mere negligence required). *But see Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65, 69 (E.D.Wis.1976) (actual knowledge required).

In the instant case, the fact that defendant Orange Motors had actual knowledge of the inaccuracy of the odometer statement is not disputed. Defendant Meyers states in her affidavit that she informed the salesman at Orange Motors that the odometer had not been functioning. That statement of fact stands uncontroverted by defendant Orange Motors. Thus, Orange Motors exhibited, at the very least, gross negligence or a reckless disregard for the truth in certifying that the reading on the odometer was true when it transferred the car to Brando Wholesale. An intent to defraud by defendant Orange Motors can be inferred as a matter of law, and summary judgment against Orange Motors is thereby granted. Orange Motors' motion for summary judgment to dismiss the complaint is denied.

Turning to defendant Meyers, it is clear from her own statements that, as asserted by plaintiff, she had actual knowledge of the inaccuracy of the odometer reading. However, the inference of an intent to defraud under Section 1989 created by actual knowledge can be dispelled by evidence that there was no intent to defraud. *Levine v. Ark-Les Switch Corp.*, 451 F.Supp. 55 (W.D.Pa.1978). The *Levine* case presented facts similar to those presented here. A seller who traded in a used automobile made known to the salesman who took the trade-in that the odometer in the car had been replaced, and thus did not reflect the true mileage on the car. The dealer which purchased the car later sold it, representing that the mileage reading on the odometer reflected the true mileage the car had traveled. The court held that, while the dealer could be held liable under Section 1989 for falsely representing lower mileage to a subsequent buyer with intent to defraud, the original seller could not be held liable since his disclosure that the odometer had been replaced showed

that he had no intent to defraud the purchaser. *Levine,* 451 F.Supp. at 58.

Defendant Meyers signed an odometer statement certifying that the mileage shown on the odometer was correct. She did so under what she describes in her affidavit as pressure by the salesman, and she told the salesman for Orange Motors that the odometer had not been working. These facts are not disputed by Orange Motors. Defendant Meyers' signing of the false odometer statement creates an inference of intent to defraud, although her statements that she informed the salesman that the reading was incorrect is evidence that she did not intend to defraud a subsequent purchaser. This conflict raises issues of material fact that should be reserved for trial.

### Conclusion

Plaintiff's motion for summary judgment is granted against defendant Orange Motors and denied against defendant Meyers. Conversely, defendant Orange Motors' motion for summary judgment dismissing the complaint as to it is denied, and defendant Meyers' motion for summary judgment dismissing the complaint as to her is also denied.

IT IS SO ORDERED.