■ ORANGE MOTOR COMPANY, INC., Appellant, v HANOVER INSURANCE COMPANY, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 24, 1990 in Albany County, which, inter alia, granted defendant's motion for summary judgment and declared that defendant was not required to defend plaintiff in a pending action or to indemnify plaintiff against any judgment arising therefrom.

Plaintiff, an automobile dealer, accepted a 1980 Chevrolet Monza in trade from Michelle Myers, who certified that the vehicle had been driven 31,316 miles. Plaintiff transferred the vehicle to a wholesaler, certifying that the vehicle had been driven 31,318 miles. Following a series of transfers, Joann Ralbovsky acquired title to the vehicle and after ascertaining that it had been driven in excess of 100,000 miles, she commenced suit in Federal District Court (Ralbovsky v Lamphere, 731 F Supp 79) against plaintiff and others for damages for violations of sections 1988 and 1989 of the Motor Vehicle Information and Cost Savings Act (15 USC § 1901 et seq.) (hereinafter the Act). In count III of her complaint, Ralbovsky alleged a cause of action against plaintiff based on an intent to defraud in the transfer. In count IV, Ralbovsky alleged fraud based on a knowing or reckless misrepresentation of the mileage on the vehicle at the time of transfer.

As an insured under a policy with defendant, plaintiff notified defendant of the action and requested that it be provided with a defense and indemnity. Defendant failed or refused to comply, thereby requiring plaintiff to bring this declaratory judgment action to seek relief. The parties crossmoved for summary judgment and Supreme Court granted summary judgment to defendant, declaring that defendant

had no duty to defend or indemnify under the policy with respect to the underlying Federal action. We agree with that determination.

The policy at issue contains an "Automobile Dealers' Errors And Omissions Liability Supplement Endorsement" which, as relevant, provides: "It is hereby agreed and understood that we will defend any suit and pay any damages that our insured is found negligent because of an error or omission resulting from the failure to comply with Title IV Odometer Requirement of the Motor Vehicle Information and Cost Saving[s] Act." The endorsement excluded from coverage: "any intentional, dishonest, fraudulent or criminal acts done by any insured * * * or of, any insured, an officer, director, trustee, agent or employee of any insured". The language of this endorsement is clear and unambiguous and, as such, requires only a comparison of the allegations of the complaint with the language of the exclusionary clauses of the policy. Although the duty to defend is broader than the duty to indemnify *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310), that duty is measured by the allegations contained in the pleadings *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424; *Ingber v Home Ins. Co.,* 140 AD2d 750, 751). The exclusionary language here provides that "coverage will not apply to any intentional, dishonest, fraudulent or criminal acts done by any insured". Inasmuch as counts III and IV of the complaint in the underlying Federal action allege fraud, the allegations of the complaint in Ralbovsky's action fall squarely within the exclusionary provisions and defendant is not required to defend plaintiff in the Federal action.

As to the risks covered by the policy, the complaint alleges only fraud, and fraud is clearly and specifically excluded under the policy endorsement quoted above. The insurance contract affords coverage only if the "insured is found negligent" with respect to an "error or omission resulting from the failure to comply with [the] Odometer Requirement of the Motor Vehicle Information and Cost Saving[s] Act". Contrary to plaintiff's contention, the endorsement does not provide coverage for civil liability imposed by section 1989 of the Act.

Inasmuch as it can be concluded, as a matter of law, that there is no possible factual or legal basis on which defendant may eventually be held liable under its policy, Supreme Court correctly declared that there was no duty on defendant's part to defend or indemnify plaintiff with respect to the underlying Federal action *(see, Allstate Ins. Co. v Kemp,* 144 AD2d 853, 854). The order appealed from should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.