April TERRY, Plaintiff,

v.

Bobby D. WHITLOCK , d/b/a Bob's Auto Sales, Defendants.

No. CIV. A. 4:99CV0063.

United States District Court,
W.D. Virginia,
Danville Division.

June 29, 2000.

Elmer Woodard, Danville, VA, for plaintiff.

Mark T. Williams, Williams, Stilwell, Morrison, Williams & Light, Danville, VA, for defendant.

## MEMORANDUM OPINION

MOON, District Judge.

Plaintiff April Terry filed this action against Defendant Bobby D. Whitlock. Plaintiff's Complaint alleges that Defendant violated the Federal Odometer Act, the Virginia Consumer Protection Act, and the Truth in Lending Act (TILA). The Complaint also alleges that Defendant failed to refund monies paid for her returned vehicle, committed fraud, and violated the state's odometer laws. This case is now before the Court on Defendant's motion for partial summary judgment.

Because there is no genuine issue of material fact upon which Defendant could be entitled to judgment as a matter of law, the Court shall grant Plaintiff's motion for summary judgment on the Federal Odometer Act and the TILA claims.

### I. FACTUAL BACKGROUND

April Terry purchased a 1988 Ford Escort from Bobby Whitlock and used her Mercury Cougar for her down payment. To consummate the transaction, Terry signed a Buyer's Order on July 19, 1999 which listed the mileage on the Escort as 76,980. The actual mileage, however, was around 176,000 miles. Although documents on file with the North Carolina and Virginia Divisions of Motor Vehicles (two of which were previously signed by Whitlock) indicate that the Escort had approximately 176,000 miles on it when it was sold to Terry, Whitlock now contends that he did not realize that the vehicle's mileage was greater than that noted on Terry's Buyer's Order. In addition to the mileage,

the Buyer's Order listed the base price of the vehicle as $1,695 and stated that "THE FRONT AND BACK OF THIS ORDER COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS PURCHASE."

After Terry drove the Escort for approximately one month, Terry and Whitlock reached an agreement where Terry would not be further obligated under the terms of the Buyer's Order. Terry agreed to return the Escort and Whitlock agreed to return the Cougar. Whitlock then agreed to purchase the Cougar from Terry for $100.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should only be granted if, viewing the record as a whole in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.*, 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citations omitted), *cert. denied*, 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994).

## III. ANALYSIS

### A. Federal Odometer Act

The Federal Odometer Act provides a transferee of a vehicle with a remedy if the transferor intentionally misrepresents that vehicle's mileage. *See* 49 U.S.C. § 32705. Whitlock argues that he did not violate the Federal Odometer Act because, despite the availability of documents to the contrary, he did not actually realize that the Escort had been driven more than 76,980 miles. A seller who lacks actual knowledge, however, may still "intend to defraud" in violation of the Federal Odometer Act. *See Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978).

"A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.... The Senate Report suggests that auto dealers should adopt business practices reasonably calculated to uncover incorrect odometer readings."

*Id; see also Aldridge v. Billips*, 656 F.Supp. 975, 978–979 (W.D.Va.1987) (concluding that "[m]ere reliance on the odometer reading, in the face of other readily ascertainable information from the title and the condition ... constitutes a reckless disregard that rises to the level of intent to defraud, as a matter of law. To make affirmative claims about mileage without knowledge is either intentionally deceitful or reckless, and therefore in violation [of the Federal Odometer Act]."); *Heffler v. Joe Bells Auto Serv.*, 946 F.Supp. 348, 351–352 (E.D.Pa.1996) (concluding that "[t]he legislative history of the [Federal Odometer] Act clearly imposes an affirmative duty on the dealer to adopt practices reasonably designed to uncover incorrect odometer readings"). There were documents readily available to Whitlock (some of which he had previously signed) which indicated that the Escort had been driven approximately 176,000 miles. Because Whitlock had constructive knowledge that the vehicle had been driven more than the 76,980 miles certified on the Buyer's Order, this Court shall grant Terry's motion for partial summary judgment on the Federal Odometer Act claim.

### B. Truth in Lending Act

The Truth in Lending Act ("TILA") (Title I of the Consumer Credit Protection

**664**

Act, 15 U.S.C. § 1601 et seq.), as implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226, was designed by Congress as a tool "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ... and to protect the consumer against inaccurate and unfair credit billing ... practices." 15 U.S.C. § 1601(a). To that end, the TILA mandates that creditors make specific disclosures when extending credit to consumers. *See* 15 U.S.C. § 1638(a); *Gilbert v. Wood Acceptance Co.,* 486 F.2d 627 (7th Cir.1973). These disclosures include the identity of the creditor, the amount financed, the finance charge, the annual percentage rate, and the total number of payments. 15 U.S.C. § 1638(a).

 Whitlock is a creditor as defined by 15 U.S.C. § 1602(f). Terry is a consumer as defined by 15 U.S.C. § 1602(h). Terry alleges that Whitlock violated TILA by not making "material disclosures" as required by the TILA and Regulation Z. *See* 15 U.S.C. § 1638(a)(2); 12 C.F.R. 226.18(b). Although the Buyer's Order, the only agreement signed by Terrry and Whitlock, failed to provide these "material disclosures," Whitlock argues that his transaction with Terry did not constitute a credit transaction because Terry never signed a credit contract or agreement. Despite Whitlock's contentions, the Court finds that the credit transaction was consummated when Terry relinquished possession of her Cougar and obtained the Escort after signing the Buyer's Order which stated that "THE FRONT AND BACK OF THIS ORDER COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS PURCHASE."

▪ The TILA is to be broadly construed to provide protection for the consumer and any failure to disclosure required information results in a technical violation. *See Walker v. College Toyota, Inc.,* 399 F.Supp. 778 (W.D.Va.1974) *aff'd* 519 F.2d 447 (4th Cir.1975); *Riggs v. Government Emp. Financial Corp.,* 623 F.2d

68 (9th Cir.1980). Because Whitlock violated the TILA by failing to provide required disclosures during or at the consummation of the credit transaction with Terry, this Court shall grant Terry's motion for partial summary judgment on the TILA claim.

Terry's motion for partial summary judgment on the Federal Odometer Act and the TILA claims shall be GRANTED.