**Vehanoush SHAGHOIAN, Plaintiff,**

v.

**Ardoush AGHAJANI aka Art Aghajani dba R.V.R., Kourosh Hakimpour dba Lincoln Auto Sales; and Western Surety Company, a South Dakota corporation, Defendants.**

**No. CV 00–1141–RC.**

United States District Court, C.D. California.

Oct. 17, 2002.

---

William J. Flanagan, El Monte, CA, for Plaintiff.

Ardoush Aghajani, pro se.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

On July 31, 2002, plaintiff filed a motion for summary judgment, a supporting mem-

orandum of points and authorities, the supporting declaration of William J. Flanagan and exhibits, and a request for judicial notice. On August 13, 2002, defendant Aghajani filed a verified opposition to plaintiff's motion and a cross-motion for summary judgment, a supporting memorandum of points and authorities, declarations and exhibits.[1] On September 16, 2002, plaintiff filed an opposition to defendant's cross-motion for summary judgment.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on October 17, 2002. William J. Flanagan, attorney-at-law, appeared on behalf of plaintiff and defendant Ardoush Aghajani appeared pro se.

## BACKGROUND

### I

On February 2, 2000, plaintiff Vehanoush Shaghoian filed her initial complaint, and on March 26, 2001, plaintiff filed her First Amended Complaint ("FAC") against defendants Ardoush Aghajani, aka Art Aghajani dba R.V.R., Kourosh Hakimpour dba Lincoln Auto Sales, and Western Surety Company alleging: (a) all defendants violated the Odometer Act, 49 U.S.C. §§ 32701, et seq., by altering the odometer of a vehicle plaintiff purchased; and (b) defendants Hakimpour and Western Surety fraudulently concealed from plaintiff the correct odometer reading of the vehicle.[2] Specifically, plaintiff alleges that on July 8, 1999, Jonathan Lee sold a 1994 BMW to

---

1. Defendant's opposition to plaintiff's motion for summary judgment and cross-motion for summary judgment fail to comply with Local Rule 56–2 in that they do not include "a separate document containing a concise 'Statement of Genuine Issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." However, since defendant is pro-

ceeding pro se, this Court denies plaintiff's request to deny defendant Aghajani's cross-motion for summary judgment on this basis.

2. On April 23, 2002, this action was dismissed with prejudice against defendants Hakimpour dba Lincoln Auto Sales and Western Surety Co.; thus, plaintiff's second cause of action for fraudulent concealment no longer exists.

defendant Aghajani,[3] at which time the BMW's odometer read 150,247 miles. FAC, ¶¶ 7–8. On July 12, 1999, defendant Aghajani delivered the BMW to auction for resale, at which time the BMW's odometer read 43,274 miles. FAC, ¶ 9. Plaintiff alleges that "[s]ometime during the period from July 8, 1999 to July 12, 1999 defendant Aghajani altered or caused to be altered the odometer mileage on the [BMW]." FAC, ¶ 10. On July 19, 1999, plaintiff purchased the BMW from defendant Hakimpour dba Lincoln Auto Sales for $18,500.00, financing the purchase in the amount of $23,725.80. FAC, ¶ 9. At the time of purchase, the BMW's odometer read 43,000 miles. *Id.*

On March 28, 2000, defendant Aghajani answered the complaint; however, defendant Aghajani never answered the First Amended Complaint. This Court will, nevertheless, treat defendant's verified answer to the initial complaint as his answer to the First Amended Complaint. Fed. R.Civ.P. 15(a).

## II

The summary judgment documents establish the following facts: On July 8, 1999, defendant Aghajani, using the fictitious business name R.V.R., was licensed as a motor vehicle dealer by the California Department of Motor Vehicles ("DMV").[4] Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), Exh. 1. As a motor

vehicle dealer, defendant purchased a 1994 BMW, license plate no. 3GUR857, VIN WBABF4324REK11341 ("1994 BMW"), from "Mr. Lee." Declaration of Ardoush Aghajani ("Aghajani Decl."), ¶ 8; Plaintiff's Motion, Exh. 2. At the time of purchase, the 1994 BMW's odometer read 150,247 miles. *Ibid.* However, because the 1994 BMW's "odometer was broken and not working," defendant replaced the odometer with another one; but, since the replacement odometer was digital, defendant "could not return the odometer reading to the prior mileage reading [or] adjust the reading to zero." Aghajani Decl., ¶ 8.

On July 12, 1999, defendant consigned the 1994 BMW to the Los Angeles Auto Auction ("Auction") for resale, Verified Answer, ¶ 4, and on July 13, 1999, the 1994 BMW was sold to Hakimpour dba Lincoln Auto Sales for $13,900.00. Plaintiff's Motion, Exh. 3. At that time, defendant signed an Odometer Disclosure Statement stating: "I R.V.R. state that the odometer now reads 43274 miles (no tenths) and to the best of my knowledge that it reflects the actual mileage of the vehicle described above, unless one of the above statements is checked." *Id.*; Verified Answer, Exh. B. Neither of the "above statements" was checked.[5] *Ibid.* The Odometer Disclosure Statement also had the notation "HI LINE DLR GUAR TMU." *Ibid.* "[I]n [the] trade of selling cars[ ] between [ ] dealers [the] use [of the] abbreviation

---

3. Since Kourosh Hakimpour and Western Surety Co. are no longer defendants in this action, any reference to "defendant" in this opinion refers solely to defendant Aghajani.

4. Pursuant to Fed.R.Evid. 201, this Court grants plaintiff's request and takes judicial notice that the California Department of Motor Vehicles ("DMV") issued vehicle dealer licenses to R.V.R. for the periods February 3, 1998, to January 31, 1999, and February 25, 1999, to January 31, 2001, and that a Notice of Release of Liability, dated July 8, 1999, was filed with DMV, as evidenced by the certified

copies of these documents filed as Exhibits 1 and 2 of Plaintiff's Motion for Summary Judgment.

5. The "above statements" are as follows:
    (1) I hereby certify to the best of my knowledge the odometer reading reflects the amount of mileage in excess of mechanical limits.
    (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING ODOMETER DISCREPANCY
    Plaintiff's Motion, Exh. 3; Verified Answer, Exh. B.

"TMU" ... means "True Mileage Unknown." Aghajani Decl., ¶ 10. Defendant avers that he "disclosed the true mileage of the vehicle to the [Auction]." [6] Aghajani Decl., ¶ 6; Verified Answer, ¶ 4, Exh. A. On July 19, 1999, plaintiff purchased the 1994 BMW from defendant Hakimpour dba Lincoln Auto Sales for $20,995.68 (including taxes and fees). [7] Declaration of Vehanoush Shaghoian, ¶¶ 2–3, Exh. 6. At that time, the 1994 BMW's odometer read 43,274 miles. Shaghoian Decl., ¶ 2.

Defendant also has established that, after he replaced the 1994 BMW's odometer, he "attached a disclosure notice on the [BMW's] left door frame ... [stating] the date [he] changed the odometer, the new odometer start mileage, and the old odometer mileage[,] approximately 150,000." Aghajani Decl., ¶ 8; Declaration of Armen Grigorian, ¶¶ 3–4; Declaration of Ara Aghajani, ¶¶ 3–4; Declaration of Amin Aghajani, ¶¶ 3–4. The plaintiff states, however, that "[t]here [wa]s no written notice of any kind on the vehicle's left door frame [when she bought the 1994 BMW]." Shaghoian Decl., ¶ 4.

## DISCUSSION

### III

Federal Rule of Civil Procedure 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Judgment must be entered "if ... there can be but one reasonable conclusion as to the verdict. ... [However, i]f reasonable minds could differ," judgment should not be entered in favor of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence which the moving party "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *McClure v. Life Ins. Co. of North America,* 84 F.3d 1129, 1132–33 (9th Cir.1996) (per curiam). The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553; *Gasaway v. Northwestern Mutual*

---

**6.** Defendant has also presented a DMV "Vehicle/Vessel Transfer and Reassignment Form," which contains an "Odometer Disclosure Statement" he purportedly signed on July 14, 1999, stating an odometer reading of 43,274 and an odometer discrepancy in which the "odometer reading is NOT the actual mileage" and the "[m]ileage exceeds the odometer mechanical limits" boxes are checked. Aghajani Decl., Exh. A. However, this form is hearsay and not competent evidence since it is not certified by DMV. Fed.R.Evid. 801–802, 803(6), 901(b)(7), and 902(4), (11). The remaining documents attached to defendant's declaration are likewise deficient. Similarly, defendant has attached to his cross-motion for summary judgment a DMV "Vehicle/Vessel Transfer and Reassignment Form," purportedly transferring the 1994 BMW's title from Lincoln Auto Sales to plaintiff, and indicating an odometer reading of 43,274 with the "[o]dometer reading is NOT the actual mileage" box checked. Exh. A. However, this document also is hearsay since it is not a certified copy. Fed.R.Evid. 801–802, 803(6), 901(b)(7), and 902(4), (11). The remaining documents attached to defendant's cross-motion for summary judgment are similarly deficient.

**7.** Plaintiff paid $4,000.00 down and financed the remaining $16,995.68, for a total purchase price of $27,725.80. Shaghoian Decl., ¶ 2.

*Life Ins. Co.,* 26 F.3d 957, 959–60 (9th Cir.1994). "[T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001) (en banc).

## IV

"As originally enacted in 1972, the Odometer Act was codified at 15 U.S.C. §§ 1981–1991. In 1994, Congress repealed these sections and recodified the Act at 49 U.S.C. §§ 32701–32711. Although the recodification included some changes to the statutory language, Congress did not intend to substantively change the law." *Suiter v. Mitchell Motor Coach Sales, Inc.,* 151 F.3d 1275, 1278 n. 1 (10th Cir.1998).

The Odometer Act requires the transferor[8] of a motor vehicle to disclose in writing either "the cumulative mileage registered on the [vehicle's] odometer" or to "[d]isclose that the actual mileage is unknown, if the transferor knows the odometer reading is different from the number of miles the vehicle has actually traveled." 49 U.S.C. § 32705. This written disclosure must be signed by the transferor, and transferee,[9] and must contain: (1) "[t]he odometer reading at the time of transfer (not to include tenths of miles)"; (2) "[t]he date of transfer"; (3) "[t]he transferor's name and current address"; (4) "[t]he transferee's name and current address"; and (5) "[t]he identity of the vehicle, including its make, model, year, and body type, and its vehicle identification number." 49 C.F.R. § 580.5(c), (f). Additionally, the written disclosure must include

the transferor's certification that: (1) "to the best of his knowledge the odometer reading reflects the actual mileage"; (2) "the odometer reading reflects the amount of mileage in excess of the designated mechanical odometer limit"; or (3) "the odometer reading does not reflect the actual mileage, and should not be relied upon." 49 C.F.R. § 580.5(d)-(e).

■ If the transferor, with intent to defraud, fails to comply with these requirements, the transferor is subject to suit by the transferee and may be liable for treble damages or $1500, whichever is greater. *Suiter,* 151 F.3d at 1278 (citing 49 U.S.C. § 32710), *see also* 49 U.S.C. § 32709 (A transferor who violates the Odometer Act may be subject to both civil and criminal penalties.). "A transferor of a vehicle may be found to have intended to defraud if he had reason to know the mileage on the vehicle was more than was reflected by the odometer or certification of the previous owner and nevertheless failed to take reasonable steps to determine the actual mileage." *Haynes v. Manning,* 917 F.2d 450, 453 (10th Cir.1990) (per curiam). Thus,

[i]f a person violates an odometer disclosure requirement with actual knowledge that he is committing a violation, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. Likewise, if a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. The inference of an intent to

---

**8.** A transferor is "any person who transfers his ownership of a motor vehicle by sale, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferor." 49 C.F.R. § 580.3.

**9.** A transferee is "any person to whom ownership of a motor vehicle is transferred, by purchase, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferee." 49 C.F.R. § 580.3.

defraud is no less compelling when a person lacks actual knowledge of a false odometer statement only by "clos[ing] his eyes to the truth."

*Tusa v. Omaha Auto. Auction, Inc.*, 712 F.2d 1248, 1253–54 (8th Cir.1983) (citation omitted); *Haynes*, 917 F.2d at 453; *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978). The plaintiff has the burden to demonstrate odometer tampering by a preponderance of the evidence. *Landrum v. T.C. Goddard*, 921 F.2d 61, 62–63 (5th Cir. 1991); *Haynes*, 917 F.2d at 452.

■ Initially, defendant Aghajani, using such terms as "privity of contract," "actual and proximate cause," and "lack of reliance," argues he should not be considered a "transferor" since he had no actual contact with plaintiff, who purchased the 1994 BMW from Lincoln Auto Sales. This argument is without merit. "[P]rivity is unnecessary between the defrauded party and the party that violated the [Odometer] Disclosure Act with an intent to defraud." *Tusa*, 712 F.2d at 1251 n. 2; *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 142 (5th Cir.1985); *Ryan v. E.W. Edwards, Jr.*, 592 F.2d 756, 761 (4th Cir.1979). "Nor does the statute's language require the plaintiff to prove [her] reliance on each false statement." *Ryan*, 592 F.2d at 761. "The dispositive [issue] is the transferor's intent to defraud, and [plaintiff] may recover ... damages from each transferor in [her] chain of title who made false mileage statements with such intent." *Id.* at 761–62; *Alley*, 767 F.2d at 142.

■ The evidence presented by the parties, as set forth above, shows issues of material fact precluding summary judgment for either party. On the one hand, plaintiff has shown defendant signed an Odometer Disclosure Statement affirma-

tively setting forth the actual mileage of the 1994 BMW as 43,274 miles, without checking a box on the form indicating an odometer discrepancy, and there was "no written notice of any kind on the vehicle's left door frame" when plaintiff purchased the 1994 BMW. Plaintiff's Motion, Exh. 3; Shaghoian Decl., ¶ 4;[10] Verified Answer, Exh. B. Such evidence may be sufficient to demonstrate intent to defraud. *See, e.g., Tusa*, 712 F.2d at 1253–54 (intent to defraud shown when transfer had reason to believe odometer reading was wrong yet relied on nothing but odometer reading in preparing odometer disclosure statement); *Shore v. J.C. Phillips Motor Co.*, 567 F.2d 1364, 1366 (5th Cir.1978) (per curiam) ("[W]here there has been a reduction in the odometer reading while the vehicle is in the possession of a transferor, fraud is implied, in the absence of an explanation."); *Terry v. Whitlock*, 102 F.Supp.2d 661, 663 (W.D.Va.2000) (finding intent to defraud when transferor had constructive knowledge vehicle had been driven greater distance than amount transferor certified). On the other hand, defendant has presented evidence he disclosed the 1994 BMW's true mileage to Auction, made the notation "TMU" or true mileage unknown on the document containing the Odometer Disclosure Statement, and affixed a notice to the BMW's left door frame stating the odometer had been changed and setting forth the new and old odometer readings. Aghajani Decl., ¶ 8; Grigorian Decl., ¶¶ 3–4; Ara Aghajani Decl., ¶¶ 3–4; Amin Aghajani Decl., ¶¶ 3–4. Such evidence tends to demonstrate plaintiff did not have intent to defraud. *See Levine v. Ark–Les Switch Corp.*, 451 F.Supp. 55, 57–58 (W.D.Penn. 1978) (no intent to defraud when defendant, who did not give written statement

---

**10.** Plaintiff's statement "[t]here is no written notice of any kind on the vehicle's left door frame," Shaghoian Decl., ¶ 4, does not necessarily counter defendant's statement that he

put such a notice there, considering the 1994 BMW passed through Auction before plaintiff purchased it.

that actual mileage was unknown, traded in vehicle, informed salesman odometer had been replaced and provided salesman with vehicle's actual mileage, even though such information was not made available to subsequent buyer of vehicle); *Mayes v. Warren Hollon Motors,* 410 F.Supp. 768, 770 (S.D.Ohio 1975) (evidence transferor informed auto auction of vehicle's actual mileage when registering vehicle for sale, and informed buyer odometer had turned over once, showed transferor did not intend to defraud buyer). Therefore, there is a genuine issue of material fact in dispute regarding defendant's intent to defraud, and summary judgment for either party is inappropriate. *See Ralbovsky v. Lamphere,* 731 F.Supp. 79, 83 (N.D.N.Y. 1990) ("Defendant['s] signing of the false odometer statement creates an inference of intent to defraud, although her statements that she informed the salesman that the reading was incorrect is evidence that she did not intend to defraud a subsequent purchaser. This conflict raises issues of material fact that should be reserved for trial.").

Alternately, plaintiff now argues that even if defendant did replace the odometer, he still violated the Odometer Act because he did not adjust the new odometer to zero or give the required notice. Section 32704 of the Odometer Act provides, in pertinent part:

A person may service, repair, or replace an odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement. If the mileage cannot remain the same -

(1) the person shall adjust the odometer to read zero; and

(2) the owner of the vehicle or agent of the owner shall attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement

and the date of the service, repair, or replacement.

49 U.S.C. § 32704(a); *see also Suiter,* 151 F.3d at 1286 ("When an odometer is replaced and the new odometer cannot be reset to reflect the actual mileage, the Odometer Act requires 'the owner of the vehicle or agent of the owner' to attach a written notice to the vehicle specifying both the mileage before the replacement and the date of the replacement." (quoting 49 U.S.C. § 32704(a)). Yet again, "[c]ivil liability attaches only if the [defendant] acted with intent to defraud." *Suiter,* 151 F.3d at 1286.

Here, there are material issues of fact in dispute regarding defendant Aghajani's intent to defraud, including what he stated on various DMV or disclosure forms and whether he attached a written odometer disclosure notice to the 1994 BMW's door frame when the vehicle was consigned to Auction. Accordingly, summary judgment for either party should be denied.

### ORDER

Plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are denied.